UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 17 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| James E. Bailey, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-1528 (UNA) |
| ) | |
| Hamel Builder, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

In response to the Order Directing the Plaintiff to Show Cause why this case should not be dismissed as duplicative of a recently dismissed action, the plaintiff acknowledges that "[t]he Complaint in the instant case [is] the same as that in Civil Action No. 12-0019." Re: Cause for Continuing Case *Bailey v. Hamel Builder*, Civil Action No. 12-1528; *see Bailey v. Hamel*, No. 12-0019 (ABJ) (D.D.C June 4, 2012) (dismissing action without prejudice). In dismissing the earlier action, the Court found that the plaintiff failed to provide a basis for entering a default judgment against the defaulted defendant and that the complaint did not allege any compensable losses. *Bailey*, Civil Action No 12-0019 (Memorandum and Order) [Dkt. # 12].

Rather than filing a motion in the dismissed action to reopen that case and to amend the complaint, the plaintiff initiated this new action with the same complaint and, hence, the same defect. Based upon the Court's finding in the earlier action that the complaint failed to allege any compensable losses, the Court will grant plaintiff's motion to proceed *in forma pauperis* and dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii) (requiring the Court to dismiss a complaint "at any time" it determines that the action fails to state a claim).[1]

/s/ Reggie B. Walton
United States District Judge

DATE: October 15th, 2012

---

[1] A separate Order accompanies this Memorandum Opinion.